IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, | No. C 07-6114 MJJ (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| ANNIKA SORENSTRAM, et al., | |
| Defendants. | |

    Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Annika Sorenstram, several other female professional golfers, the Ladies Professional Golf Association ("LPGA"), and the LPGA Commissioner.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    Plaintiff alleges that the professional golfers he names as defendants are using

G:\PRO-SE\MJJ\CR.07\riches53.dsm.wpd

1  steroids, and that the LPGA denied him entry because he had facial hair.  Defendants are
2  private individuals and a private organization.  As such, they do not act under color of state
3  law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640
4  (1980).  Purely private conduct, no matter how wrongful, is not covered under § 1983.  See
5  Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S.
6  949 (1975).  Accordingly, plaintiff has failed to state a cognizable claim for relief under §
7  1983.

     For the foregoing reasons, this action is DISMISSED.

     The Clerk shall close the file.

     IT IS SO ORDERED.

DATED: December 21, 2007

                           MARTIN J. JENKINS
                           United States District Judge

**United States District Court**
For the Northern District of California